IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL CARREON, JR.,

      Plaintiff,                    No. CIV S-11-2952 WBS EFB P

      vs.

S. BANKE, et al.,

      Defendants.           <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

### III.     Screening Order

The court has reviewed plaintiff's complaint and for the limited purposes of § 1915A screening, finds that it states cognizable Eighth Amendment claims against defendants Banke and Golden, based on the allegations that they knew plaintiff faced an immediate threat to his safety and failed to take reasonable measures in response.   However, the complaint does not state a cognizable claim against the other named defendants, Warden Hill and Matthew Cate, and those defendants will therefore be dismissed with leave to amend.

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Here, plaintiff has not alleged that either Hill or Cate were personally involved in the alleged deprivation of his Eighth Amendment rights.

Thus, plaintiff may proceed only on his Eighth Amendment claims against defendants Banke and Golden, or he may amend his complaint to attempt to cure the deficiencies identified above.  Plaintiff is not obligated to amend his complaint.  Should plaintiff chose to amend, however, he is hereby reminded that any amended complaint must be complete in itself without reference to any prior pleading, E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), and that once plaintiff files an amended complaint, the original pleading is superseded.  Additionally, plaintiff  may not change the nature of this suit by alleging new,

unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If plaintiff chooses to proceed only on his Eighth Amendment claims against defendants Banke and Golden as identified herein, the court will construe plaintiff's election as his voluntary dismissal of defendants Hill and Cate, without prejudice.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis (Dckt. No. 2) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Hill and Cate are dismissed. Within 30 days of service of this order, plaintiff may amend his complaint in accordance with this Screening Order.

4. The allegations in the pleading are sufficient at least to state cognizable Eighth Amendment claims against defendants Banke and Golden. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed November 7, 2011, two USM-285 forms and instructions for service of process on defendants Banke and Golden. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Banke and Golden will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as his voluntary dismissal of defendants Hill and Cate, without prejudice.

////

////

1         5.  Failure to comply with this order will result in a recommendation that this action be
2 dismissed.
3 Dated:   April 23, 2012.

                                                            _____
                                                            EDMUND F. BRENNAN
                                                            UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL CARREON, JR.,

       Plaintiff,                       No. CIV S-11-2952 WBS EFB P

     vs.

S. BANKE, et al.,

       Defendants.              NOTICE OF SUBMISSION OF DOCUMENTS

_____/

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ dismiss defendants Hill and Cate without prejudice, and submits the following documents:

      __1__     completed summons form

      __2__     completed forms USM-285

      __3__     copies of the complaint

**OR**

(2) _____ delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

Dated:

                                                    _____
                                                      Plaintiff