IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL CARREON, JR.,

           Plaintiff,                   No. 2:11-cv-2952 WBS EFB P

    vs.

S. BANKE, et al.,

           Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983.  He alleges that on October 18, 2010, defendants Banke and Golden ("defendants") violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to protect him from an attack by other inmates.  Defendants move to dismiss this action for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure ("Rule") 12(b).  Dckt. No. 19.  Plaintiff opposes defendants' motion, Dckt. No. 21, and defendants have filed a reply, Dckt. No. 22.  For the following reasons, defendants' motion must be denied.

I.     **Exhaustion under the PLRA**

       The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative

1

1   remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Prison conditions" subject to

2   the exhaustion requirement have been defined broadly as "the effects of actions by government

3   officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v.*

4   *Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d

5   Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the

6   claims the plaintiff has included in the complaint, but need only provide the level of detail

7   required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v.*

8   *Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials

9   "time and opportunity to address complaints internally before allowing the initiation of a federal

10   case").

11        Prisoners who file grievances must use a form provided by the California Department of

12   Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline

13   the action requested.  The grievance process, as defined by California regulations, has three

14   levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code

15   Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has

16   received a "Director's Level Decision," or third level review, with respect to his issues or claims.

17   *Id.* § 3084.1(b).

18        Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731,

19   741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other

20   critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be

21   "available," there must be the "possibility of some relief . . . ."  *Booth*, 532 U.S. at 738.  Relying

22   on *Booth*, the Ninth Circuit has held:

23         [A] prisoner need not press on to exhaust further levels of review once he has
          received all "available" remedies at an intermediate level of review or has been
24         reliably informed by an administrator that no remedies are available.

25   *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

26   ////

1    In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are

2 normally brought under Rule 12(b) of the Federal Rules of Civil Procedure.  *See Albino v. Baca*,

3 ___ F.3d. ___, 2012 U.S. App LEXIS 19871 (9th Cir. Sept. 21, 2012).  Nonetheless, it remains

4 well established that credibility of witnesses over material factual disputes cannot be resolved on

5 paper.  Thus, when ruling on an exhaustion motion requires the court to look beyond the

6 pleadings in the context of disputed issues of fact, the court must do so under "a procedure

7 closely analogous to summary judgment."  *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir.

8 2003).  Doing so ensures that a process is followed to test whether disputes over facts pertaining

9 to whether plaintiff actually exhausted available remedies are truly genuine and material and

10 therefore warrant live testimony, or whether the dispute(s) may be disposed of by unrefuted

11 declarations and exhibits.  Therefore, following the suggestion in *Wyatt*, and because care must

12 be taken not to resolve credibility on paper if it pertains to disputed issues of fact that are

13 material to the outcome, the undersigned applies the Rule 56 standards to exhaustion motions

14 that require consideration of materials extrinsic to the complaint.[1]  *See Chatman v. Felker*, No.

15 Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

16    Failure to exhaust is an affirmative defense in the sense that defendants bear the burden

17 of proving plaintiff did not exhaust available remedies.  *Wyatt*, 315 F.3d at 1119.  To bear this

18 burden:

19      a defendant must demonstrate that pertinent relief remained available, whether at
         unexhausted levels of the grievance process or through awaiting the results of the
20      relief already granted as a result of that process.  Relevant evidence in so
         demonstrating would include statutes, regulations, and other official directives
21      that explain the scope of the administrative review process; documentary or
         testimonial evidence from prison officials who administer the review process; and
22      information provided to the prisoner concerning the operation of the grievance
         procedure in this case . . . . With regard to the latter category of evidence,
23      information provided [to] the prisoner is pertinent because it informs our
         determination of whether relief was, as a practical matter, "available."

24

25    [1] Here, defendants rely on testimonial evidence in the form of declarations from three
prison officials and a documentary record to establish the facts in support of their contention that
26 plaintiff failed to exhaust.

3

1  *Brown*, 422 F.3d at 936-37 (citations omitted).

2       Defendants' motion to dismiss included a notice to plaintiff informing him of the

3  requirements for opposing a motion to dismiss for failure to exhaust available administrative

4  remedies.  *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 2012 U.S. App.

5  LEXIS 19647, at *7-8 (9th Cir. Sept. 19, 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120

6  n.15 (9th Cir. 2003).

7  **II.    Discussion**

8       Defendants contend that plaintiff failed to exhaust his administrative remedies because

9  their evidence shows that plaintiff did not obtain a third level decision on the claim raised in this

10  action.  In support of their motion, defendants submit: 1) the declaration of L. Ostrom, Appeals

11  Coordinator at Folsom State Prison ("Ostrom Decl."); and 2) the declaration of J.D. Lozano,

12  Chief of the Office of Appeals for the California Department of Corrections and Rehabilitation

13  (CDCR) ("Lozano Decl.").  *See* Dckt. No. 19.

14       Ostrom states that he is responsible for screening inmate appeals filed by inmates at

15  Folsom State Prison and that he maintains a database of those appeals.  Ostrom Decl. ¶ 2.  He

16  states that during the relevant time period, plaintiff submitted six appeals, only two of which

17  were accepted for review.  *Id.* ¶ 4.  The issues raised by those two appeals were described as

18  "disciplinary" in nature.  *Id.*  According to Ostrom, if either appeal had contained allegations that

19  a correctional officer failed to protect the inmate from an attack by other inmates, the appeal

20  would have been described instead, as a "staff complaint."  *Id.* ¶ 5.

21       Lozano states that he is able to verify the status of an inmate's third level administrative

22  appeal if it was accepted for review.  Lozano Decl. ¶¶ 2-3.  According to Lozano, plaintiff

23  submitted only one inmate appeal that was accepted for review at the third level on or after

24  October 18, 2010.  *Id.* ¶ 3.  That appeal, a copy of which was submitted with defendants' motion,

25  does not relate to the claim raised in this action.  *See* Dckt. No. 19, Ex. 1 (copy of group appeal

26  requesting greater library access).  Additionally, that appeal was not resolved at the final level of

1   review until after plaintiff commenced this action.  *See id.* (including response from third level of

2   review, dated April 27, 2012); Lozano Decl. ¶ 3; Dckt. No. 1 (Complaint, dated October 31,

3   2011).

4          Through their motion, defendants show that plaintiff never properly filed an

5   administrative appeal regarding the failure to protect claim raised in this lawsuit.  Thus, the court

6   finds that defendants meet their initial burden of showing that pertinent administrative relief

7   remained available to plaintiff when he commenced this lawsuit.  *See Brown*, 422 F.3d at 936-

8   37.

9          In opposition, however, plaintiff submits exhibits that demonstrate the following:  On

10  January 23, 2011, plaintiff filed an administrative appeal regarding his failure to protect claim.

11  *See* Dckt. No. 21-1 at 8, 10.  In that appeal, plaintiff wrote:

12          I was attact by other inmates & stabb'd several times includding 1 time in the
            face! I believe CDC didn't do their job the way it's suppose to be done!  And as a
13          result of that I was stabbed by other inmates.  I was attacted in 3 Bldg on A-side
            Tier.  There was <u>no</u> gunner and I was been stabbed for 10 minutes before the c/o's
14          notice that I was been stabbed!!  I'm goin to file a law sue!!  And for that I need
            all incident reports, investigative reports, includding the investigation report from
15          Lt. Banke when he was inform that this stabbin was in process and he did nothing
            to conduct a proper investigation!

16

17  *Id.* at 10.  On January 30, 2011, a prison official informed plaintiff that his appeal was granted at

18  the informal level of review.[2]  *See id.* at 8 (stating "Your request was granted and all information

19  was sent to you.").  Plaintiff, dissatisfied with that response,  appealed to the first level of review

20  on February 6, 2011.  *Id.*  Plaintiff wrote the following:

21          You said my request was granted and that all information was sent to me but I
            haven't received <u>no</u> investigation reports, incident reports, pictures, etc.  I also
22          need a log # to this appeal 602 form.  I need all this 'info' please cause CDC

23

24  ──────────────

25      [2]  This response appears to have been provided to plaintiff in accordance with then
        existing section 3084.5(a) (informal level of review), despite the fact that the informal level of
        review was discontinued as of January 28, 2011.  *See* Cal. Code Regs. tit. 15, §§ 3084.2(b) ,
26      3084.5 (2010).

1    officers violated Title 15 § 3271.[3]

2  *Id.*  Apparently plaintiff never received a response at the first level of review.  *See id.* at 9 (copy

3  of plaintiff's appeal, showing that area for providing first level response is blank).  Therefore, on

4  or around March 8, 2011,[4] plaintiff filed a CDCR Form 22 (Request for Interview, Item, or

5  Service).[5]  *Id.* at 11.  Thereafter, on March 28, 2011, plaintiff pursued his administrative appeal

6  at the second level of review.  *Id.* (showing that in doing so, plaintiff referred to his request for

7  relief from the January 23, 2011 appeal at the informal level of review).  It appears that on or

8  before April 1, 2011, plaintiff also submitted his appeal to the third level of review.  *Id.* at 8

9  (showing that plaintiff's appeal was stamped, "Received APR 1 2011 INMATE APPEALS

10  BRANCH).

11    On April 13, 2011, prison officials responded to plaintiff's appeal through an "Inmate

12  Appeals Screening Form."  *Id.* at 11.  The responding official checked a box labeled "Not an

13  appeal," and wrote next to it "Request for information."  *Id.*  The official also wrote the

14  following:

15    As previously conveyed, you received all of the information listed in the
      memorandum dated 1-21-11 . . . .  Additionally, CO Noguchi provided you a
16    complete copy of the Incident Report on 3-31-11 and explained the photographs
      are forthcoming.

17

18  *Id.*  It appears that through his administrative appeal, his Request for Interview, or both, plaintiff

19  received his requested relief.  It also appears that after receiving the April 13th response, plaintiff

20  did not pursue further administrative relief.

21

22    [3] Section 3271 states that "[e]very employee, regardless of his or her assignment, is
      responsible for the safe custody of the inmates confined in the institutions of the department."
23    Cal Code Regs. tit. 15, § 3084.2(b).

24    [4] Due to the poor quality of the copy, the court cannot be certain of the date on the Form
      22.

25    [5] "An inmate['s] . . . documented use of a Request for Interview, Item or Service form
26    does not constitute exhaustion of administrative remedies as defined in subsection 3084.1(b)."
      Cal. Code. Regs. tit. 15, § 3086(I).

1    CDCR regulations provide that an inmate may simultaneously file a Request for

2    Interview and an administrative appeal.  Cal. Code. Regs. tit. 15, § 3086(e)(2).  However, "the

3    appeal may be rejected by the appeals coordinator . . . with instructions to complete the request

4    form process before resubmitting the appeal."  *Id.*  The April 13th response to plaintiff's appeal

5    did not contain those instructions.  Thus, through the April 13th response, prison officials

6    informed plaintiff for the second time that his requested relief had been granted.  They also

7    informed him that his request would not be processed as an administrative appeal.

8    As noted, a remedy is only "available," if there is a "possibility of some relief . . . ."

9    *Booth*, 532 U.S. at 738.  Because prison officials purported to grant plaintiff's requested relief

10   through the administrative process, and subsequently informed plaintiff that further

11   administrative relief was not available, plaintiff has shown that he exhausted all "available"

12   administrative remedies prior to commencing this action.[6]  *See Brown*, 422 F.3d at 940 (an

13   inmate need not exhaust further levels of review upon receiving all available remedies at an

14   intermediate level of review); *Harvey v. Jordan*, 605 F.3d 681, 686 (9th Cir. 2010) ("Once the

15   prison officials purported to grant relief with which [the inmate] was satisfied, his exhaustion

16   obligation ended.  His complaint had been resolved, or so he was led to believe, and he was not

17   required to appeal the favorable decision.").

18   In their reply, defendants argue that plaintiff should not be excused from the exhaustion

19   requirement because his appeal was properly screened out on April 13, 2011.  However, whether

20   plaintiff properly exhausted his administrative remedies does not turn on whether the April 13th

21   response was proper.  As defendants acknowledge, the April 13th response  "explained to

22   Plaintiff . . . that he had already received all of the documents he had requested in his grievance,"

23   and informed plaintiff that his request would not be considered as an appeal.  Dckt. No. 22 at 4.

24

25         [6] Accordingly, the court need not address plaintiff's argument (and defendants' response
     thereto) that plaintiff's appeal should have been processed as a staff complaint in accordance
26   with section 3084.5(b)(4).  *See* Dckt. No. 21 at 3-5; Dckt. No. 22 at 3-4.

7

In essence, the response informed plaintiff that his requested relief had been granted and that no further administrative relief was available.  Contrary to defendants' position, the April 13th response does not demonstrate that plaintiff failed to properly exhaust.  *See Agnes v. Joseph*, No. 1:10-cv-0807-LJO-GBC, 2011 U.S. Dist. LEXIS 106075, at *8-10 (E.D. Cal. Sept. 16, 2011) (no obligation to pursue additional levels of administrative review where screening form indicates that no further remedies are available, citing *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009)).

Defendants also argue that plaintiff's appeal was properly screened out at the third level of review on May 6, 2011.  Dckt. No. 22 at 4 (citing to exhibits to plaintiff's opposition).  Again, whether this response was proper is not dispositive of the exhaustion issue, given the information communicated to plaintiff by prison officials on January 30th and on April 13th.  Moreover, it is not clear from the record that the May 6th response is tied to plaintiff's failure to protect appeal, which was not assigned a log number.  *See* Dckt. No. 21-1 at 11.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' August 8, 2012 motion to dismiss for failure to exhaust administrative remedies (Dckt. No. 19) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 31, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8