IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL CARREON, JR.,

Plaintiff, No. 2:11-cv-2952 WBS EFB P

vs.

S. BANKE, et al.,

Defendants. FINDINGS AND RECOMMENDATIONS

_______________________________/

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. He alleges that on October 18, 2010, defendants Banke and Golden ("defendants") violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to protect him from an attack by other inmates. Defendants move to dismiss this action for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure ("Rule") 12(b). Dckt. No. 19. Plaintiff opposes defendants' motion, Dckt. No. 21, and defendants have filed a reply, Dckt. No. 22. For the following reasons, defendants' motion must be denied.

**I. Exhaustion under the PLRA**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative

remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

////

In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are normally brought under Rule 12(b) of the Federal Rules of Civil Procedure. *See Albino v. Baca*, ___ F.3d. ___, 2012 U.S. App LEXIS 19871 (9th Cir. Sept. 21, 2012). Nonetheless, it remains well established that credibility of witnesses over material factual disputes cannot be resolved on paper. Thus, when ruling on an exhaustion motion requires the court to look beyond the pleadings in the context of disputed issues of fact, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Doing so ensures that a process is followed to test whether disputes over facts pertaining to whether plaintiff actually exhausted available remedies are truly genuine and material and therefore warrant live testimony, or whether the dispute(s) may be disposed of by unrefuted declarations and exhibits. Therefore, following the suggestion in *Wyatt*, and because care must be taken not to resolve credibility on paper if it pertains to disputed issues of fact that are material to the outcome, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint.[1] *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Failure to exhaust is an affirmative defense in the sense that defendants bear the burden of proving plaintiff did not exhaust available remedies. *Wyatt*, 315 F.3d at 1119. To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

[1] Here, defendants rely on testimonial evidence in the form of declarations from three prison officials and a documentary record to establish the facts in support of their contention that plaintiff failed to exhaust.

*Brown*, 422 F.3d at 936-37 (citations omitted).

Defendants' motion to dismiss included a notice to plaintiff informing him of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 2012 U.S. App. LEXIS 19647, at *7-8 (9th Cir. Sept. 19, 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).

**II. Discussion**

Defendants contend that plaintiff failed to exhaust his administrative remedies because their evidence shows that plaintiff did not obtain a third level decision on the claim raised in this action. In support of their motion, defendants submit: 1) the declaration of L. Ostrom, Appeals Coordinator at Folsom State Prison ("Ostrom Decl."); and 2) the declaration of J.D. Lozano, Chief of the Office of Appeals for the California Department of Corrections and Rehabilitation (CDCR) ("Lozano Decl."). *See* Dckt. No. 19.

Ostrom states that he is responsible for screening inmate appeals filed by inmates at Folsom State Prison and that he maintains a database of those appeals. Ostrom Decl. ¶ 2. He states that during the relevant time period, plaintiff submitted six appeals, only two of which were accepted for review. *Id.* ¶ 4. The issues raised by those two appeals were described as "disciplinary" in nature. *Id.* According to Ostrom, if either appeal had contained allegations that a correctional officer failed to protect the inmate from an attack by other inmates, the appeal would have been described instead, as a "staff complaint." *Id.* ¶ 5.

Lozano states that he is able to verify the status of an inmate's third level administrative appeal if it was accepted for review. Lozano Decl. ¶¶ 2-3. According to Lozano, plaintiff submitted only one inmate appeal that was accepted for review at the third level on or after October 18, 2010. *Id.* ¶ 3. That appeal, a copy of which was submitted with defendants' motion, does not relate to the claim raised in this action. *See* Dckt. No. 19, Ex. 1 (copy of group appeal requesting greater library access). Additionally, that appeal was not resolved at the final level of

review until after plaintiff commenced this action. *See id.* (including response from third level of review, dated April 27, 2012); Lozano Decl. ¶ 3; Dckt. No. 1 (Complaint, dated October 31, 2011).

Through their motion, defendants show that plaintiff never properly filed an administrative appeal regarding the failure to protect claim raised in this lawsuit. Thus, the court finds that defendants meet their initial burden of showing that pertinent administrative relief remained available to plaintiff when he commenced this lawsuit. *See Brown*, 422 F.3d at 936-37.

In opposition, however, plaintiff submits exhibits that demonstrate the following: On January 23, 2011, plaintiff filed an administrative appeal regarding his failure to protect claim. *See* Dckt. No. 21-1 at 8, 10. In that appeal, plaintiff wrote:

> I was attact by other inmates & stabb'd several times includding 1 time in the face! I believe CDC didn't do their job the way it's suppose to be done! And as a result of that I was stabbed by other inmates. I was attacted in 3 Bldg on A-side Tier. There was no gunner and I was been stabbed for 10 minutes before the c/o's notice that I was been stabbed!! I'm goin to file a law sue!! And for that I need all incident reports, investigative reports, includding the investigation report from Lt. Banke when he was inform that this stabbin was in process and he did nothing to conduct a proper investigation!

*Id.* at 10. On January 30, 2011, a prison official informed plaintiff that his appeal was granted at the informal level of review.[2] *See id.* at 8 (stating "Your request was granted and all information was sent to you."). Plaintiff, dissatisfied with that response, appealed to the first level of review on February 6, 2011. *Id.* Plaintiff wrote the following:

> You said my request was granted and that all information was sent to me but I haven't received no investigation reports, incident reports, pictures, etc. I also need a log # to this appeal 602 form. I need all this 'info' please cause CDC

---

[2] This response appears to have been provided to plaintiff in accordance with then existing section 3084.5(a) (informal level of review), despite the fact that the informal level of review was discontinued as of January 28, 2011. *See* Cal. Code Regs. tit. 15, §§ 3084.2(b) , 3084.5 (2010).

officers violated Title 15 § 3271.[[3]]

*Id.* Apparently plaintiff never received a response at the first level of review. *See id.* at 9 (copy of plaintiff's appeal, showing that area for providing first level response is blank). Therefore, on or around March 8, 2011,[4] plaintiff filed a CDCR Form 22 (Request for Interview, Item, or Service).[5] *Id.* at 11. Thereafter, on March 28, 2011, plaintiff pursued his administrative appeal at the second level of review. *Id.* (showing that in doing so, plaintiff referred to his request for relief from the January 23, 2011 appeal at the informal level of review). It appears that on or before April 1, 2011, plaintiff also submitted his appeal to the third level of review. *Id.* at 8 (showing that plaintiff's appeal was stamped, "Received APR 1 2011 INMATE APPEALS BRANCH).

On April 13, 2011, prison officials responded to plaintiff's appeal through an "Inmate Appeals Screening Form." *Id.* at 11. The responding official checked a box labeled "Not an appeal," and wrote next to it "Request for information." *Id.* The official also wrote the following:

> As previously conveyed, you received all of the information listed in the memorandum dated 1-21-11 . . . . Additionally, CO Noguchi provided you a complete copy of the Incident Report on 3-31-11 and explained the photographs are forthcoming.

*Id.* It appears that through his administrative appeal, his Request for Interview, or both, plaintiff received his requested relief. It also appears that after receiving the April 13th response, plaintiff did not pursue further administrative relief.

---

[3] Section 3271 states that "[e]very employee, regardless of his or her assignment, is responsible for the safe custody of the inmates confined in the institutions of the department." Cal Code Regs. tit. 15, § 3084.2(b).

[4] Due to the poor quality of the copy, the court cannot be certain of the date on the Form 22.

[5] "An inmate['s] . . . documented use of a Request for Interview, Item or Service form does not constitute exhaustion of administrative remedies as defined in subsection 3084.1(b)." Cal. Code. Regs. tit. 15, § 3086(I).

CDCR regulations provide that an inmate may simultaneously file a Request for Interview and an administrative appeal. Cal. Code. Regs. tit. 15, § 3086(e)(2). However, "the appeal may be rejected by the appeals coordinator . . . with instructions to complete the request form process before resubmitting the appeal." *Id.* The April 13th response to plaintiff's appeal did not contain those instructions. Thus, through the April 13th response, prison officials informed plaintiff for the second time that his requested relief had been granted. They also informed him that his request would not be processed as an administrative appeal.

As noted, a remedy is only "available," if there is a "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Because prison officials purported to grant plaintiff's requested relief through the administrative process, and subsequently informed plaintiff that further administrative relief was not available, plaintiff has shown that he exhausted all "available" administrative remedies prior to commencing this action.[6] *See Brown*, 422 F.3d at 940 (an inmate need not exhaust further levels of review upon receiving all available remedies at an intermediate level of review); *Harvey v. Jordan*, 605 F.3d 681, 686 (9th Cir. 2010) ("Once the prison officials purported to grant relief with which [the inmate] was satisfied, his exhaustion obligation ended. His complaint had been resolved, or so he was led to believe, and he was not required to appeal the favorable decision.").

In their reply, defendants argue that plaintiff should not be excused from the exhaustion requirement because his appeal was properly screened out on April 13, 2011. However, whether plaintiff properly exhausted his administrative remedies does not turn on whether the April 13th response was proper. As defendants acknowledge, the April 13th response "explained to Plaintiff . . . that he had already received all of the documents he had requested in his grievance," and informed plaintiff that his request would not be considered as an appeal. Dckt. No. 22 at 4.

---

[6] Accordingly, the court need not address plaintiff's argument (and defendants' response thereto) that plaintiff's appeal should have been processed as a staff complaint in accordance with section 3084.5(b)(4). *See* Dckt. No. 21 at 3-5; Dckt. No. 22 at 3-4.

In essence, the response informed plaintiff that his requested relief had been granted and that no further administrative relief was available. Contrary to defendants' position, the April 13th response does not demonstrate that plaintiff failed to properly exhaust. *See Agnes v. Joseph*, No. 1:10-cv-0807-LJO-GBC, 2011 U.S. Dist. LEXIS 106075, at *8-10 (E.D. Cal. Sept. 16, 2011) (no obligation to pursue additional levels of administrative review where screening form indicates that no further remedies are available, citing *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009)).

Defendants also argue that plaintiff's appeal was properly screened out at the third level of review on May 6, 2011. Dckt. No. 22 at 4 (citing to exhibits to plaintiff's opposition). Again, whether this response was proper is not dispositive of the exhaustion issue, given the information communicated to plaintiff by prison officials on January 30th and on April 13th. Moreover, it is not clear from the record that the May 6th response is tied to plaintiff's failure to protect appeal, which was not assigned a log number. *See* Dckt. No. 21-1 at 11.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' August 8, 2012 motion to dismiss for failure to exhaust administrative remedies (Dckt. No. 19) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 31, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE