UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARREON, JR., | No. 2:11-cv-2952-WBS-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| S. BANKE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He claims that defendants Correctional Lieutenant Banke and Correctional Officer Golden violated his Eighth Amendment rights by failing to protect him from an attack by other inmates. Plaintiff claims that defendants should have placed him in administrative segregation while the threat to his safety was investigated. Defendants move for summary judgment. ECF No. 36. For the reasons provided below, defendants' motion must be granted.

**I.   Background**

On October 18, 2010, plaintiff was an inmate in the custody of CDCR and incarcerated in California State Prison, Folsom. ECF No. 1 ("Compl.") at 4 ¶ 3. Officer Guzman, who is not a defendant in this action, was a Correctional Officer in the Investigative Services Unit (ISU). ECF No. 36-5 ("Guzman Decl.") ¶ 1. Guzman received a phone call that day from an anonymous source at 3:00 p.m. *Id.* ¶ 10. The source claimed that an inmate called "Pelon," in A-Facility,

1

1  Building 3 had been targeted for an assault. *Id.* The caller did not indicate who was going to

2  attack him or when the attack was going to take place. *Id.* The anonymous caller did not provide

3  any other information that would be useful in conducting an investigation. *Id.*

4      Guzman knew that plaintiff was housed in building 3 and that plaintiff and several other

5  inmates in building 3 went by the moniker "Pelon." *Id.* ¶¶ 11-12. Guzman did not know whether

6  plaintiff was the "Pelon" the caller referred to as being targeted for assault, but he thought that it

7  was possible. *Id.* ¶ 12. Therefore, Guzman contacted defendant Banke, the lieutenant supervisor

8  in building 3 that afternoon, and told him about the anonymous phone call he had received. *Id.*

9  ¶ 13. Banke said he would bring plaintiff into his office for an interview. *Id.* ¶ 13; ECF No. 36-4

10  ("Banke Decl.") ¶¶ 2-5. Guzman left the prison for the day shortly after speaking to Banke.

11  Guzman Decl. ¶ 19.

12      Banke interviewed plaintiff at approximately 4:00 p.m. that day. Compl. at 4 ¶ 3; Banke

13  Decl. ¶ 7; ECF No. 36-6 ("Golden Decl.") ¶ 8. Defendant Golden was also present. Golden

14  Decl. ¶ 8. Banke informed plaintiff that ISU had received an anonymous phone call from a

15  woman, claiming that an inmate who goes by the name "Pelon" was going to be assaulted in A-

16  Facility, Building 3. Compl. at 4 ¶ 3; Banke Decl. ¶ 8; Golden Decl. ¶ 9. Banke told plaintiff that

17  he would put him in administrative segregation (ad-seg) if plaintiff felt like he was in danger or if

18  he believed there was any truth to the information provided by the anonymous caller. Banke

19  Decl. ¶ 9; Golden Decl. ¶ 9.

20      Plaintiff, who did not have any documented enemies in his central file, reacted to the

21  information in a calm manner. Guzman Decl. ¶ 18; Banke Decl. ¶ 8; Golden Decl. ¶ 10. He told

22  Banke that he was fine, that he did not have any problems with anyone, that he did not have any

23  enemies in the prison, that he did not believe the information was credible or accurate in referring

24  to him, and that he did not want to be placed in ad-seg. Banke Decl. ¶¶ 8, 10; Golden Decl. ¶ 10.

25  Banke instructed plaintiff to notify him or any other officer if he no longer felt safe and that they

26  would get him into ad-seg right away. Banke Decl. ¶ 11. Plaintiff was escorted back to his cell

27  after the interview ended. *Id.* ¶ 12.

28  /////

Approximately two hours after the interview, two inmates attacked and stabbed plaintiff. Compl. at 4 ¶ 4; Banke Decl. ¶ 14; Guzman Decl. ¶ 20. Neither Banke nor Golden witnessed the attack. Compl. at 6 ¶ 15; Banke Decl. ¶ 14. Officer Ramacher (a non-defendant) witnessed the attack and intervened to stop it. ECF No. 36-4, Incident Report at 2. Officer Holmes (another non-defendant) escorted plaintiff to the Treatment and Triage Area after the attack to have his injuries treated. *Id.*

## II.     Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on

4

the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

  The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue). Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

  Defendants' motion for summary judgment included a notice to plaintiff informing him of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

/////

/////

### III. Discussion

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted).

To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842. The "obviousness of a risk," however, is not conclusive, and "a prison official may demonstrate that the obvious escaped him . . ." *Id.* at 843, n.8.

Defendants "may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. Unfortunately here, the harm to plaintiff was not averted. However, the undisputed facts show that the defendants responded reasonably to the threat of harm, vague as it was, by promptly talking to plaintiff about the information provided by the anonymous caller and offering to place plaintiff in administrative segregation for his own safety. When plaintiff said he was not in any danger and declined their offer to go to ad-seg, he was escorted back to his cell.

/////

Plaintiff maintains in his opposition that defendants should have placed him in ad-seg while a proper investigation was conducted. ECF No. 43. The argument overlooks the simple fact that plaintiff refused the offer to place him in ad-seg for his safety. It is undisputed that plaintiff did not believe that the threat was intended for him and that he did not fear for his safety and declined the offer to temporarily relocate to ad-seg.

Viewing the evidence in the light most favorable to plaintiff, no reasonable jury could conclude that defendants acted with a conscious disregard to plaintiff's safety. They reacted appropriately to the limited information provided by the anonymous caller, met with plaintiff regarding the perceived threat and offered to move him to an environment where his safety could be secured. Plaintiff refused and his request to stay in general population was honored. Given the uncertainty of which "Pelon" might be the subject of the threat, defendants honoring plaintiff's request cannot be said to have been deliberate indifference to the threat. Defendants are entitled to summary judgment in their favor because plaintiff has not established a genuine issue for trial as to whether either defendant was deliberately indifferent to a risk to his safety. *See Celotex*, 477 U.S. at 324.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (ECF No. 36) be granted and the Clerk of the Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 31, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE